**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**DAVID LEE CLARK, III,**

      **Plaintiff,**

**v.**                                      **Case No. 3:25-cv-00738**

**WV STATE POLICE and**
**OFFICER B M HODGES,**

      **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court is Plaintiff's Letter-Form Motion to Dismiss Complaint. (ECF No. 9). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that Plaintiff's Motion to Dismiss, (ECF No. 9), be **GRANTED** and that this action be **DISMISSED** and removed from the Court's docket.

## I.    Relevant History

On December 16, 2025, Plaintiff filed an Application to Proceed without Prepayment of Fees and Costs, (ECF No. 1), as well as a *pro se* complaint against the West Virginia State Police and Officer B M Hodges, (ECF No. 2). According to Plaintiff's Complaint, officers with the West Virginia State Police allegedly used excessive force against Plaintiff during his arrest in October 2025. (ECF No. 2, at 4). Plaintiff requests

that Officer Hodges lose his position as an officer and also seeks monetary relief for "pain, suffering and lifelong scars and PTSD" stemming from the event. (*Id.*, at 5).

On February 12, 2026, the undersigned granted Plaintiff's Applications to Proceed without Prepayment of Fees or Costs and directed Plaintiff to make an initial partial filing fee payment of $25.00 on or before March 6, 2026, with monthly payments to follow. (ECF No. 6). Plaintiff paid that initial filing fee payment on February 20, 2026, (ECF No. 7), at which time the Clerk of Court issued summons for Defendants, (ECF No. 8). To date, no return of service has been filed.

On February 23, 2026, Plaintiff filed the instant Motion to Dismiss his Complaint. (ECF No. 9). In his motion, Plaintiff states as follows:

> I DO NOT wish to proceed with this case. This case is Case No. 3:25-cv-00738. After careful consideration, I do not want to pursue a court case against the defendants. I'm currently incarcerated and if I would wish to pursue this civil case, I'd much rather pursue it after I'm incarcerated, if at all.

(*Id.*).

## II.    **Motion to Dismiss**

*Federal Rule of Civil Procedure* 41(a)(1)(A)(i) provides that a petitioner may voluntarily dismiss an action without a Court Order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Rule 41(a)(1)(B) states in pertinent part, as follows:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal— or state—court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order,

on terms that the court considers proper."

The purpose of the Rule respecting voluntary dismissal "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." *Davis v. USX Corp.,* 819 F.2d 1270, 1273 (4th Cir.1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." *Andes v. Versant Corp.,* 788 F.2d 1033, 1036 (4th Cir.1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. *See Vosburgh v. Indemnity Ins. Co. of North America,* 217 F.R.D. 384, 386 (S.D.W.Va. Sep. 12, 2003). In considering a Motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." *Id.*

Here, the undersigned finds that these factors support granting Petitioner's Motion for Voluntary Dismissal. The opposing parties here have not made an appearance. Thus, they have not yet expended effort or expense in preparing for trial. Plaintiff filed the instant motion approximately two months after initiating this action, so there has been no excessive delay or lack of diligence on Plaintiff's part. Plaintiff further provides sufficient explanation for his need for dismissal, namely, that he prefers not to be embroiled in litigation while incarcerated. Finally, this case is still in its infancy and there are no dispositive motions pending aside from the instant voluntary dismissal motion.

## III.   <u>**Proposal and Recommendations**</u>

Wherefore, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that Plaintiff's

Motion to Dismiss, (ECF No. 9), be **GRANTED**, Plaintiff's *pro se* complaint be **DISMISSED,** and this action be removed from the docket of the court.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Chambers and Magistrate Judge Reeder.

The Clerk is directed to file this "Proposed Findings and Recommendations" and to mail a copy of the same to Plaintiff.

**DATED**:  March 20, 2026

Joseph K. Reeder
United States Magistrate Judge

4